[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR MODIFICATION DATED JUNE 2, 1999
The plaintiff's Motion for Modification first came before the court on August 17, 1999 and was tried on December 13, 1999, Brennan, J. presiding. On February 17, 2000, the court, Brennan J., issued a Memorandum of Decision, following which defendant moved for reargument. On April 6, 2000, the court granted the Motion to Reargue and the matter was heard on that day.
After the passage of over six months following reargument without a decision, the defendant filed a Motion for a New Trial, which was granted. By stipulation, the parties now come before this court to retry the issues by way of re-submission of the written evidence proffered at the earlier hearings, together with claims and arguments for relief. CT Page 3690
Plaintiff's post judgment Motion for Modification was predicated on two claims, to wit:
1. that plaintiff had undergone a substantial change in circumstances, i.e., reduced income, which rendered him unable to meet the current order; and,
2. that the current order was above the child support guidelines.[1]
In his Memorandum of Decision dated February 17, 2000, Judge Brennan noted as follows: "It was the plaintiff's position that the gross income as reported on his affidavit is controlling." The Child Support Guidelines Regulations § 46b-215a (1) (11) defines gross income as "the average weekly earned and unearned income from all sources before deductions." In this case that income reported in both parties' worksheets is the proper figure. The court finds that the plaintiff's gross income is $1,681 per week and the defendant's gross income is $846 per week.
Determining the proper deductions to arrive at net income for the child support guidelines worksheet is not as easy. The guidelines in §46b-215a-2a (c)(1)(B) state that all federal, state and local income taxes, based upon allowable exemptions, deductions and credits, should be deducted to determine net income. Such deductions would include mortgage interest, taxes paid in computing federal and state income taxes and other allowable deductions. As noted by Judge Brennan in his original memorandum, "One public commentator suggested that actual tax liability should be considered in determining income for child support purposes. The commission agreed . . . "That part that Judge Brennan did not include in his memorandum goes on to add, "and accordingly amended the definition of allowable deductions to include federal, state and local income taxes, based upon all allowable exemptions, deductions and credit." "The 1994 guidelines differed in their treatment of the deduction for income taxes by basing it only on the amounts withheld pursuant to the appropriate exemptions. The expanded definitions in contrast permits the deduction to be based not only on the allowable exemptions, but also onany deductions and credits that may be inflicted on the parents' incometax returns." Preamble to Child Support and Arrearage Guidelines (f)(2) (A), p. vi. It is, therefore, quite proper and, indeed, required to deduct mortgage interest, taxes and any other income deductions in computing either party's federal income and state tax deduction for purposes of the child support guideline worksheet.
A decree of dissolution of the parties' marriage was entered on December 20, 1991. At that time, the plaintiff in his financial affidavit CT Page 3691 reported gross income of $1,346 per week and a net income of $850. The defendant reported gross income of $88.00 per week and a net income of $77.00 per week. At that time, she was working part time as a waitress. It was contemplated, however, that the defendant would attend nursing school (see paragraph Article IV of the Agreement). Presumably she did so and is now employed as a nurse at Bridgeport Hospital. There have been no other proceedings to amend the provisions of the agreement with respect to support which provided for support in the amount of $415 per week for the parties' three children.
In his Motion for Modification, the plaintiff claims a substantial change in circumstances in his financial condition and is, therefore, unable to meet the current orders "because of reduced income." Based upon his income as reported in 1991 and that reported in this proceeding, this is not so. However, his income was reduced from $147,000 in 1998 to $92,000 in 1999 to $87,500 at the present time. The plaintiff also claims the current support orders are above the child support guidelines.
The highest combined net weekly income as provided by the guidelines is $2500. The total net income of both parties does not exceed this amount. However, there has been a substantial increase in the plaintiff's net income as well as a substantial increase in the defendant's net income since the time of the original decree. The court, therefore, finds a substantial change in the financial circumstances of each of the parties.
The remaining question is whether under the provisions of § 46b-86
(a) of the General Statutes the plaintiff is entitled to a modification. That section of the statutes provides as follows:
"Unless and to the extent that the decree precludes modification, any final order for the periodic payment of permanent alimony or support or an order for alimony or support pendente lite may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to section 46b-215a, unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate. There shall be a rebuttable presumption that any deviation of less than fifteen per cent from the child support guidelines is not substantial and any deviation of fifteen per cent or more from the guidelines is substantial. . . ." CT Page 3692
It is the defendant's claim that the deviation from the child support guideline figure is less than fifteen per cent and, therefore, not substantial. While it is the plaintiff's claim that the court should apply deviation criteria (see § 46b-215a-3 (b)), there has been no evidence of the children's education expenses as provided in section (b) (2)(A), coordination of total family support as provided in section (5) (B) and (C) or the best interests of the child as provided in section (6) (B) as claimed by the plaintiff. The consideration for the court, therefore, is the proper figures to use in the child support guidelines worksheet to arrive at the presumptive child support in this instance.
Attached hereto is the court's child support guideline worksheet. As may be seen, presumptive support has been computed to be $345 per week. The difference in the computations by each of the parties has been the difference for federal and state income taxes. The court has considered the deduction for interest and taxes as shown in the plaintiff's 1999 income tax return. The court finds, based upon the testimony, that the plaintiff still lived in the same house and that the amount of interest on the mortgage for the year 2000 would not be different enough than that in 1999 to make a significant difference in the court's calculation.
The percentage of difference between the current order of $415 per week and the current child support guideline computation is 16.8% which is more than the 15% set forth in § 46b-86 (a) of the General Statutes. The court finds a substantial change in circumstances and grants the motion for modification. The plaintiff shall pay to the defendant by way of support the amount of $345 per week.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE
[EDITORS' NOTE: THE WORKSHEET FOR THE CONNECTICUT CHILD SUPPORT GUILDELINES IS ELECTRONICALLY NON-TRANSFERRABLE.]